THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK E. BATES, Respondent, v. ROBERT G. H. SPEED and Others, Appellants.

*Mandamus — Code of Civil Procedure, §§ 2086, 3258 — costs.*

The provisions of section 2086 of the Code of Civil Procedure relating to costs on the decision of an application for a mandamus are general, and apply to all cases where an alternative writ of mandamus has been issued; while the provisions of section 3258 are special, and relate only to certain cases in which the defendant is a public officer, and in such cases the special provisions of section 3258 control the general provisions contained in section 2086.

APPEAL by the defendants, Robert G. H. Speed and others, as inspectors of election of the town of Caroline, from an order of the Supreme Court, made at the Tompkins County Special Term and entered in the office of the clerk of the county of Tompkins on the 10th day of December, 1892, denying an application for an order directing the clerk of Tompkins county to tax increased costs in favor of the defendants.

*Robertson, Smith & Bull*, for the appellants.

*Frederick Collin*, for the respondent.

PER CURIAM:

This is an appeal from an order of the Special Term denying a motion for costs and increased costs.

The action or proceeding was commenced by an application, made upon affidavits, for an order to show cause why a mandamus should not issue directing the defendants Speed, Personious, Peters and Cross, as inspectors of election of the town of Caroline, to re-convene, as presiding officers and inspectors of election of a town meeting, and re-announce and declare that John Bull, the Democratic candidate for supervisor, was ineligible to the office, and requiring the defendant Lounsberry, as town clerk of the town of Caroline, to cancel the record made by him relative to the town meeting, and the defendant Van Kirk, as clerk of the county of Tompkins, to trans-

mit to the town clerk for cancellation the certificate received by him.

An alternative writ was issued. An answer was interposed on the part of the defendants who were the inspectors of election, and a reply was served. Upon the issue thus made, the case came to trial at the Circuit, and the complaint was dismissed. Thereupon, the defendants' attorney made a motion for increased costs, which was denied.

The single question involved upon this appeal is whether the appellants, who were public officers, were entitled to have their costs allowed as provided by section 3258 of the Code of Civil Procedure, or whether the costs were controlled by section 2086, and, hence, in the discretion of the court. It was held by the Special Term that the costs were controlled by the latter section, and the court refused to allow the defendants the costs provided by that section, or as provided by section 3258.

While section 2086 provides that upon the making of a final order in a case where an alternative writ of mandamus has been issued, the costs are in the discretion of the court, section 3258 declares that where the defendant is a public officer, and the action or special proceeding is brought by reason of an act done by him by virtue of his office, or an alleged omission by him to do an act, which it was his official duty to perform, on a final order made in a special proceeding commenced by a State writ, he is entitled to recover the costs prescribed in section 3251, and in addition thereto one-half thereof.

An examination of the former section discloses that it relates generally to all cases where an alternate writ of mandamus has been issued, while the latter section relates to and prescribes the rule to be applied in a case where the defendant is a public officer whose act or omission as such has been called in question in an action or special proceeding commenced by a State writ. The provisions of the former section are general, while those of the latter are special. Under such circumstances the general statute is to be read as silently excluding from its operation cases which have been provided for by the special one. (Endlich on Interp. Stat. § 223.)

In this case we think the special provisions contained in section 3258 control the general provisions contained in section 2086, and

that the defendants in this case were entitled to tax their costs as provided in section 3258, and that the order appealed from should be reversed and the defendants' motion granted.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted authorizing the costs and increased costs to be taxed as provided by section 3258 of the Code of Civil Procedure.