(42 App. Div. 250.)

## PEOPLE ex rel. HALL v. BOARD OF AUDITORS OF TOWN OF HEMPSTEAD.

### PEOPLE ex rel. HOMAN v. SAME.

(Supreme Court, Appellate Division, Second Department. July 1, 1899.)

1. CERTIORARI—COSTS—PUBLIC OFFICER.
    Code Civ. Proc. § 3258, subd. 1, providing that, on a final order in a special proceeding instituted by a state writ, the defendant, if a public officer, is entitled to recover additional costs, does not apply to a writ of certiorari.

2. SAME—TAXATION BY CLERK.
    Under section 2143, providing that costs, on a writ of certiorari, "not exceeding $50 and disbursements, may be awarded by final order in the discretion of the court," the amount of the costs must be fixed by the court, and without such order the clerk has no authority to tax any costs in the proceeding.

Appeal from special term, Queens county.

Proceedings on writ of certiorari by the people, on the relation of Joseph T. Hall, and on the relation of Robert H. Homan, against the board of auditors of the town of Hempstead. From an order allowing a bill of costs to defendant in each case, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George Wallace, for appellants.
Thomas Young, for respondent.

CULLEN, J. Code, § 3258, subd. 1, provides that in an action where the complaint demands judgment for a sum of money only or to recover a chattel, or on a final order in a special proceeding instituted by a state writ, the defendant, if a public officer, is entitled to recover the costs prescribed in section 3251, and one-half thereof in addition thereto. But section 3251 has no application to a writ of certiorari. Section 3240 provides that costs in a special proceeding, where the costs thereof are not specially regulated by this act, shall be at the rates allowed for similar services in an action. But costs on certiorari are specially regulated in the Code, for section 2143 authorizes costs to be awarded in such a proceeding, not exceeding $50 costs and disbursements. The object of section 3258 was not to pre-

scribe the rate at which costs are allowed in special proceedings or actions, because the amount of such costs is prescribed by other sections. It intended simply to give a public officer, in suits or proceedings against him, one-half as much again in costs as would be awarded to private individuals. There is no notice of trial on a writ of certiorari, nor is the hearing on the return to such a writ the trial of an issue of fact. The costs in the proceeding must be fixed by this court. See People v. Smith, 13 Hun, 227, and People v. Village of Nelliston, 79 N. Y. 638. The order made by us was defective, in that it awarded costs, without specifying any particular sum. This, doubtless, we can now correct, but without our order the clerk has no authority to tax any costs in the proceeding. The case of People v. Speed, 73 Hun, 302, 26 N. Y. Supp. 254, is not in point. In that case the defendants had final judgment after return to a writ of alternative mandamus. By section 2086, where the alternative writ is issued the costs are the same as in an action. Had a peremptory writ been issued in the first instance, by the same section the costs would have been limited to $50.

The order appealed from should be reversed, without costs, and the items taxed by the clerk should be stricken from the judgment, but in lieu thereof should be inserted the sum of $25, which we allow in each case. All concur.